United States District Court
For The
District of Massachusetts

Civil Action No. _____

Sean P. Lally,
    Plaintiff,     05 - 11743 REK
Vs.                    Referred to MJ JGDein
Donald B. MacLea,
    Defendant.

---

**Verified Civil Rights Complaint
For Malicious Prosecution With
Jury Demand**

---

I. <u>Jurisdiction</u>:

1. Jurisdiction is envoked pursuant to the Fourteenth Amendment to the United States Constitution; 42 U.S.C. §§ 1983 and 1988. And any and all other Constitutional or Codified provision so providing.

II. <u>Parties</u>:

2. Plaintiff, Sean P. Lally, (hereinafter "Lally") is a resident of the United States of America and resides at 79 Chapman Street in Quincy, Massachusetts. Lally is at all times relevant to the instant controversey.

3. Defendant, Donald B. MacLea, (hereinafter "MacLea") is a resident of the United States of America. McLea is a Probation Officer for the Commonwealth of Massachusetts. MacLea's usual place of business is 1050 Hancock Street, Second Floor, in Quincy, Massachusetts. McLea is being sued in his individual capacity and is at all times relevant to the instant controversey.

III. Introduction/Causation

4. MacLea was Lally's Probation Officer, acting under the color of state law, improperly attempted to modify Lally's conditions of probation. A wholly judicial

2

function. MacLea threatened Lally with a violation of Probation if he did not sign and comply to the erroneously modified conditions of his probation. Lally refused to sign MacLea's modified conditions of probation. MacLea then initiated a Probation Revocation Proceeding against Lally. Lally's probation was violated soley on his refusal to sign MacLea's modified conditions of probation. Lally as the direct cause of MacLea's improper action, was found to have violated his probation and sentenced to one (1) year of incarceration and, Lally was so incarcerated. On August 16, 2002 a tribunal of the Massachusetts Appeals Court, in a published decision, vacated the order revoking Lally's probation. See <u>Commonwealth</u> v. <u>Lally</u>, 55 Mass. App. Ct. 601 (2002). However, Lally had already completed serving his one (1) year sentence in total, <u>id.</u> at 602, N.1.

IV. <u>Facts</u>:

3

5. Plaintiff restates and realledges paragraphs one through four inclusive, as if fully set forth herein.

6. On June 15, 2000, Lally was arrested by the Quincy Police and charge with:

   (a) Possession of a Class D controlled Substance; and,

   (b) Assault by means of a dangerous weapon.

7. On July 13, 2000, Lally pled guilty to the charges set forth in paragraph 6, supra.

8. Also, on July 13, 2000, Lally was sentenced to one year in the house of Correction, suspended for one year on the assault charge, and one year probation on the drug possession charge.

9. Additionally, on July 13, 2000, Lally agreed to and signed the following Conditions of

4

probation:

(1) participate in a batterer's program;
(2) refrain from further abuse of the victim (his wife);
(3) undergo evaluation for alcohol and drugs; and,
(4) submit to " treatment as deemed necessary.".

10. At a date and time uncertain, subsequent to the events of paragraph 9, supra. Lally was evaluated by a Court Clinician for drugs and alcohol. The Court Psycologist (clinician) concluded that the defendant (Lally) would not benefit from further treatment, however recomended random urine screens for drugs and alcohol be made part of Lally's probation.

11. At a date and time uncertain, subsequent to the events of paragraph 10, supra. MacLea improperly modified Lally's conditions of probation and

5

demanded Lally sign the ameded conditions of probation, which included random urinalysis testing. Lally refused and MacLea initiated the legal process of violating Lally's probation.

12. On October 3, 2000, Lally was found in violation of his probation soley for his refusal to sign MacLea's improperly amended conditions of probation. Lally was then incarcerated in the Norfolk County Correctional Facility.

13. Durring Lally's incarceration Lally's health greatly deteriorated irreparably; Lally was deprived the comfort of his home; Lally was deprived famial relationships; Lally was deprived liberties and rights secured by the United States Constitution.

14. On September 7, 2001, Lally was released from the Norfolk Count Correctional Facility.

6

## V. Count One: 42 USC § 1983

15. Plaintiff restates and realledges paragraphs one through fourteen inclusive as if fully set forth herein.

16. MacLea knew or should have known he lacked jurisdiction to modify, alter or amend Lally's preexisting conditions of probation.

17. MacLea knew or should have known he lacked jurisdiction to modify, alter or amend Lally's preexisting conditions of probation; and by so modifying, altering or amending Lally's preexisting conditions of probation violated or caused to be violated, Lally's rights to due process of law secured by the fourteenth amendment to the United States Constitution.

18. MacLea, with regard to paragraphs sixteen and seventeen

supra, was acting under the color of state law.

## VI. Count Two: Malicious Prosecution

19. Plaintiff restates and realledges paragraphs one through eighteen inclusive, as if fully set forth herein.

20. MacLea, knew or should have known it was improper to amend Lally's preexisting conditions of probation.

21. MacLea, knew or should have known that by initiating Lally's Probation Violation Proceeding predicated upon Lally's erroneously amended conditions of probation, and Lally's refusal to sign same, violated Lally's rights to the due process of law.

22. MacLea, knew or should have known he lacked probable

Cause to initiate Lally's Probation Violation Proceeding.

23. Mac Lea, with regards to paragraphs nineteen through twenty-two supra, was acting under the color of state law.

## VII  Prayers For Relief:

24. Lally seeks compensatory damages for the following losses:

(a) Loss of liberty by means of incarceration on a per deim basis;

(b) Loss and degradation of his health while erroneously confined; and.

(c) Loss of time and deprivation of the society.

At a sum to be established by the Court posttrial comenserate with Lally's losses.

9

25. Lally prays for punitive damages in the sum of two-hundred and fifty thousand dollars ($250,000.00).

26. Lally prays for prevailing party Attorney's fees and any and all costs associated to this civil action pursuant to 42 USC §1988.

27. Lally prays for any further or additional relief this Honorable Court deems just, proper and appropriate.

VIII. Jury Demand:

28. Lally claims and demands trial by jury on all counts so triable, as is his constitutional right.

IX. Verification:

29. I, Sean P. Lally, being duly sworn, do hereby verify under the pains and penalties

10

of perjury that all facts asserted in paragraphs six through fourteen are true to the very best of my recolection and sincere belief.

Respectfully Submitted
By Plaintiff, Pro Se

Sean Kally Kally Kally POA.

Sean P. Kally, Pro Se
79 Chapman Street
Quincy, Massachusetts
02170

Date 1/30/05

11

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Sean P. Lally

(b) County of Residence of First Listed Plaintiff: Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

### DEFENDANTS
Donald B. McLea
Sean P. Lally

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05-11743 REK

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☒ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☒ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☒ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Sean P. Lolly v Donald S. Mochea_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    __  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ✓  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    __  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    __  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    __  V.    150, 152, 153.

    05-11743 RBK

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐    NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☐    NO ☑

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐        Central Division ☐        Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____
ADDRESS _____
TELEPHONE NO. _____

(CategoryForm.wpd -5/2/05)