| U.S. Department of Justice | PROCESS RECEIPT AND RETURN |
|---|---|
| United States Marshals Service | See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form. |

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Sean P. Lally | 05-11743 |
| **DEFENDANT** | **TYPE OF PROCESS** |
| Donald Maclea | Summons |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
➤ Donald Maclea
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
**AT** Dennis Ryan Parkway or 1150 Hancock St 2nd Fl.
Chestnut St Quincy Ma. 02169

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Sean P. Lally
79 Chapman St
Quincy Ma 02170

| Number of process to be served with this Form - 285 | one |
|---|---|
| Number of parties to be served in this case | one |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                                                Fold

x Sean P. Lally Kathy Lally POA.
Signature of Attorney or other Originator requesting service on behalf of:   ☒ PLAINTIFF    TELEPHONE NUMBER    DATE
                                                                              ☐ DEFENDANT   X                    12-21-05

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | No. 38 | No. 38 | Nancy Talunce | 12/21/05 |

☐ I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service / Time / am / pm |
| | 1/25/06  3:00 pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS:
Spoke with Donald Maclea he stated I could FAX summons to him.

| PRIOR EDITIONS MAY BE USED | **1. CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

```
** TX STATUS REPORT **                    AS OF   JAN 25 '06 15:49   PAGE.01


      DATE  TIME          TO/FROM      MODE    MIN/SEC    PGS    CMD#   STATUS
11    01/25 15:46 617 847 1574         EC--S   03'10"     013    191    OK
```

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____ MASSACHUSETTS

SEAN P. LALLY

        Plaintiff

V.

DONALD MacLEA

        Defendant

SUMMONS IN A CIVIL CASE

CASE    C.A. 05-11743-REK

TO: (Name and address of Defendant)

DONALD MacLEA c/o Quincey Courthouse probation office
~~Chestnut St~~ 1 Dennis Ryan Parkway or 1150 Hancock St 2nd floor
Quincy Ma 02169    Quincy MA 02169

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

**SEAN P. LALLY (PRO SE)**

**79 Chapman Street**
**Quincy, MA 02170**

\* or answer as otherwise required by the Federal Rules of Civil Procedure.

an answer to the complaint which is herewith served upon you, _____20*_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SARAH ALLISON THORNTON
CLERK

_Rebecca Greenberg_
(By) DEPUTY CLERK

December 5, 2005
DATE

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of     MASSACHUSETTS

SEAN P. LALLY

       Plaintiff                     **SUMMONS IN A CIVIL CASE**

V.

DONALD MacLEA           CASE     C.A. 05-11743-REK

Defendant

TO: (Name and address of Defendant)

DONALD MacLEA   c/o Quincy Courthouse probation office, 1 Dennis Ryan Parkway or 1150 Hancock St, Quincy MA 02169, 2nd Floor

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

SEAN P. LALLY (*PRO SE*)

79 Chapman Street
Quincy, MA 02170

* or answer as otherwise required by the Federal Rules of Civil Procedure.

an answer to the complaint which is herewith served upon you, _____20*_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

December 5, 2005

SARAH ALLISON THORNTON         DATE
CLERK

*/s/ Rebecca Greenberg*
(By) DEPUTY CLERK

United States District Court
For The
District of Massachusetts

Civil Action No. _____

Sean P. Lally,
    Plaintiff,      05-11743 REK
Vs.                    Referred to MJ JGDein
Donald B. MacLea,
    Defendant.

---

**Verified Civil Rights Complaint For Malicious Prosecution with Jury Demand**

---

## I. Jurisdiction:

1. Jurisdiction is envoked pursuant to the Fourteenth Amendment to the United States Constitution; 42 U.S.C. §§ 1983 and 1988. And any and all other Constitutional or Codified provision so providing.

## II. Parties:

2. Plaintiff, Sean P. Lally, (hereinafter "Lally") is a resident of the United States of America and resides at 79 Chapman Street in Quincy, Massachusetts. Lally is at all times relevant to the instant controversy.

3. Defendant, Donald B. MacLea, (hereinafter "MacLea") is a resident of the United States of America. McLea is a Probation Officer for the Commonwealth of Massachusetts. MacLea's usual place of business is 1050 Hancock Street, Second Floor, in Quincy, Massachusetts. McLea is being sued in his individual capacity and is at all times relevant to the instant controversy.

III. Introduction/Causation

4. MacLea was Lally's Probation Officer, acting under the color of state law, improperly attempted to modify Lally's conditions of probation. A wholly judicial

2

function. MacLea threatend Lally with a violation of Probation if he did not sign and comply to the erroneously modified conditions of his probation. Lally refused to sign MacLea's modified conditions of probation. MacLea then initiated a Probation Revocation Proceeding against Lally. Lally's probation was violated soley on his refusal to sign MacLea's modified conditions of probation. Lally as the direct cause of MacLea's improper action, was found to have violated his probation and sentenced to one (1) year of incarceration and, Lally was so incarcerated. On August 16, 2002 a tribunal of the Massachusetts Appeals Court, in a published decision, vacated the order revoking Lally's probation. See Commonwealth v. Lally, 55 Mass. App. Ct. 601 (2002). However, Lally had already completed serving his one (1) year sentence in total, id. at 602, n.1.

IV. Facts:

3

5. Plaintiff restates and realledges paragraphs one through four inclusive, as if fully set forth herein.

6. On June 15, 2000, Lally was arrested by the Quincy Police and Charge with:

    (a) Possession of a Class D controlled Substance; and,

    (b) Assault by means of a dangerous weapon.

7. On July 13, 2000, Lally pled guilty to the charges set forth in paragraph 6, Supra.

8. Also, on July 13, 2000, Lally was sentenced to one year in the house of Correction, suspended for one year on the assault charge, and one year probation on the drug possession charge.

9. Additionally, on July 13, 2000, Lally agreed to and signed the following Conditions of

4

probation:

(1) participate in a batterer's program;
(2) refrain from further abuse of the victim (his wife);
(3) undergo evaluation for alcohol and drugs; and,
(4) submit to "treatment as deemed necessary."

10. At a date and time uncertain, subsequent to the events of paragraph 9, supra. Lally was evaluated by a court clinician for drugs and alcohol. The Court psychologist (clinician) concluded that the defendant (Lally) would not benefit from further treatment, however recomended random urine screens for drugs and alcohol be made part of Lally's probation.

11. At a date and time uncertain, subsequent to the events of paragraph 10, supra. MacLea improperly modified Lally's conditions of probation and

5

demanded Lally sign the ameded conditions of probation, which included random urinalysis testing. Lally refused and MacLea initiated the legal process of violating Lally's probation.

12. On October 3, 2000, Lally was found in violation of his probation soley for his refusal to sign MacLea's improperly amended conditions of probation. Lally was then incarcerated in the Norfolk County Correctional Facility.

13. Durring Lally's incarceration Lally's health greatly deteriorated irreparably; Lally was deprived the comfort of his home; Lally was deprived famial relationships; Lally was deprived liberties and rights secured by the United States Constitution.

14. On September 7, 2001, Lally was released from the Norfolk Count Correctional Facility.

## V. Count One: 42 USC § 1983

15. Plaintiff restates and realledges paragraphs one through fourteen inclusive as if fully set forth herein.

16. MacLea knew or should have known he lacked jurisdiction to modify, alter or amend Lally's preexisting conditions of probation.

17. MacLea knew or should have known he lacked jurisdiction to modify, alter or amend Lally's preexisting conditions of probation; and by so modifying, altering or amending Lally's preexisting conditions of probation violated or caused to be violated, Lally's rights to due process of law secured by the fourteenth amendment to the United States Constitution.

18. MacLea, with regard to paragraphs sixteen and seventeen

7

supra, was acting under the color of State law.

## VI. Count Two: Malicious Prosecution

19. Plaintiff restates and realledges paragraphs one through eighteen inclusive, as if fully set forth herein.

20. MacLea, knew or should have known it was improper to amend Lally's preexisting conditions of probation.

21. MacLea, knew or should have known that by initiating Lally's Probation Violation Proceeding predicated upon Lally's erroneously amended conditions of probation, and Lally's refusal to sign same, violated Lally's rights to the due process of law.

22. MacLea, knew or should have known he lacked probable

cause to initiate Lally's Probation Violation Proceeding.

23. MacLea, with regards to paragraphs nineteen through twenty-two supra, was acting under the color of state law.

## VII Prayers For Relief:

24. Lally seeks compensatory damages for the following losses:

    (a) Loss of liberty by means of incarceration on a per deim basis;

    (b) Loss and degradation of his health while erroneously confined; and,

    (c) Loss of time and deprivation of the society.

At a sum to be established by the Court posttrial comenserate with Lally's losses.

9

25. Lally prays for punitive damages in the sum of two-hundred and fifty thousand dollars ($250,000.00).

26. Lally prays for prevailing party Attorney's fees and any and all costs associated to this civil action pursuant to 42 USC §1988.

27. Lally prays for any further or additional relief this Honorable Court deems just, proper and appropriate.

VIII. Jury Demand:

28. Lally claims and demands trial by jury on all counts so triable, as is his constitutional right.

IX. Verification:

29. I, Sean P. Lally, being duly sworn, do hereby verify under the pains and penalties

10

of perjury that all facts asserted in paragraphs six through fourteen are true to the very best of my recolection and sincere belief.

Respectfully Submitted
By Plaintiff, <u>Pro Se</u>
Sean Kelly Kathy Kelly POA.
Date 1/30/05     Sean P. Kelly, <u>Pro Se</u>
79 Chapman Street
Quincy, Massachusetts
02170