UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
                                    )
SEAN P. LALLY,                      )
    Plaintiff                       )
                                    )
                                    )   CIVIL ACTION
v.                                  )   NO. 05-11743-REK
                                    )
DONALD MacLEA,                      )
    Defendant                       )
                                    )
_____)

**Memorandum and Order**
February 14, 2006

### I.  Pending Matters

Pending for decision are matters related to the following filing:

(1) Plaintiff's Motion for the Appointment of Counsel (Docket No. 5, filed December 21, 2005).

### II. Factual and Procedural Background

On July 13, 2000, plaintiff Sean Lally pleaded guilty in the Quincy District Court to charges of possession of a controlled substance and assault of his wife with a dangerous weapon and was sentenced to one year imprisonment, suspended for one year, and one year probation.  As part of this sentence, Lally agreed to the following conditions of probation: (i) to participate in a program for batterers; (ii) to refrain from further abuse of his wife; (iii) to undergo evaluation for alcohol and drugs; and (iv) to submit to "treatment as deemed necessary."  After plaintiff was screened by a psychologist who recommended random urinalysis testing, defendant

Donald MacLea, plaintiff's probation officer, modified the conditions of plaintiff's probation to include random urinalysis testing. Plaintiff refused to agree to these modified conditions.

On October 3, 2000, at a hearing before the sentencing judge on the alleged violation of probation due to plaintiff's refusal to sign the new conditions, the judge revoked plaintiff's probation and sentenced plaintiff to one year incarceration in the Norfolk County Correctional Facility. (Id.) Plaintiff was released on September 7, 2001. (Id.)

On August 16, 2002, the Appeals Court of Massachusetts vacated the revocation of plaintiff's probation, stating that the fourth condition of plaintiff's probation was sufficiently ambiguous to make defendant's imposition of the new probation condition improper. Commonwealth v. Lally, 55 Mass. App. Ct. 601, 604 (Mass. App. Ct. 2002) (stating "[i]n sum, judges may order random urine screens as a probation condition, but that condition must come from the judge, not from a probation officer").

On August 16, 2005, plaintiff filed his complaint in this action. (Docket No. 2.) Plaintiff brings two counts: (i) violation of 42 U.S.C. § 1983 for violating plaintiff's due process rights by improperly modifying plaintiff's conditions of probation; and (ii) malicious prosecution for initiating plaintiff's probation violation proceeding when defendant knew or should have known that he did not have the authority to modify plaintiff's conditions of probation. Plaintiff requests compensatory damages, $250,000 in punitive damages, and attorneys' fees and costs. Plaintiff demands a jury trial. Also on August 16, 2005, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 1.) On September 14, 2005, I provisionally allowed this motion pursuant to 28 U.S.C. § 1915. (Docket No. 3.) On December 5, 2005, I ordered the Clerk to issue a summons. (Docket No. 4.) Defendant was served on January 25, 2006.

On December 21, 2005, plaintiff filed the motion to appoint counsel that is now before this court. (Docket No. 5.)

### III. Analysis

The First Circuit has held that no constitutional right to appointed counsel exists in a civil case. Andrews v. Bechtel Power Corp., 780 F.2d 124, 137 (1st Cir. 1985). Section 1915(e)(1) of Title 28 of the United States Code, however, grants district courts the discretion to appoint counsel to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In order for counsel to be represented, the indigent litigant "must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel." Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986). Whether exceptional circumstances exist requires an evaluation of the type and complexity of each case and the abilities of the individual bringing it. Id. at 2-3 (stating that the fact that "the plaintiff has alleged sufficient facts to state a claim in the complaint does not in and of itself require the appointment of counsel"). Some of the factors that may determine the existence of exceptional circumstances include: (i) the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; (ii) the complexity of the factual and legal issues; and (iii) the capability of the indigent litigant to present the case. Id.

In the affidavit accompanying his motion, plaintiff claims that he demonstrates exceptional circumstances because he suffers the following disabilities: (i) insulin-dependent Type I diabetes; (ii) angina; (iii) loss of sight from retinopathy; (iv) hemodialysis-dependent renal failure; (v) neuropathy in both feet; (vi) loss of motor control abilities due to two strokes; (vii) recent amputation of several toes; and (viii) unidentified gastrointestinal disorder requiring immediate surgical intervention. (Docket No. 6 at 2-3.) Plaintiff also points out that he has three

children, two of whom are minors, and that neither he nor his wife has legal training. (Id. at 3-4.) He claims that he "cannot now or ever be able to retain counsel without depriving [his] family of food, shelter and clothing." (Id. at 4.)

Upon closer analysis of plaintiff's § 1983 claim, I find that this case is sufficiently complex to present exceptional circumstances. A state court judge has already held that defendant exceeded his authority in changing plaintiff's conditions of parole and that plaintiff was wrongly incarcerated for violating the modified conditions. See Lally, 55 Mass. App. Ct. at 604. This case is thus not based on a frivolous allegation of a nonexistent constitutional violation, but instead involves a determination of whether defendant's improper exercise of authority rises to the level of a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Such a determination certainly raises complex legal issues. Furthermore, plaintiff's disabilities, some of which he claims were either caused or aggravated by his unauthorized incarceration, make it difficult or impossible for him to either undertake the factual investigation necessary for this case or present the case. I thus find that exceptional circumstances exist in this case. I allow plaintiff's motion for appointment of counsel.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Plaintiff's Motion for the Appointment of Counsel (Docket No. 5) is ALLOWED. The Clerk is directed to proceed with the appointment.

                                           /s/Robert E. Keeton
                                           Robert E. Keeton
                                    Senior United States District Judge